BARRY, Judge.
Edwin A. Lombard, Clerk of Orleans Parish Criminal Court, appeals a garnishment judgment involving money seized as contraband in conjunction with a drug arrest.
The facts are not disputed. In 1981 Wagner Wholesale Marine, Inc. obtained a judgment against Timothy Terrell for $3,210.35 plus interest, costs and attorney’s fees. In 1984 Terrell was charged with possession of cocaine and diazepam with intent to distribute. Incidental to his arrest $20,000.00 was seized and turned over to Lombard until the case was resolved.
In May, 1984 Lombard was served with interrogatories and a writ of fieri facias pursuant to garnishment proceedings filed by Wagner against Terrell. Wagner filed a rule to show cause why judgment should not be entered against Lombard as garnishee. Lombard ignored the rule and on August 2, 1985 the Civil District Court ordered:
[TJhat there be judgment herein for Wagner Wholesale Marine, Inc., plaintiff herein and against Edwin A. Lombard, Clerk of Court, Criminal District Court, Parish of Orleans, garnishee herein, ordering the garnishee to pay to plaintiff, through the Sheriff of this Court, out of monies of the defendant to satisfy the garnishment filed herein.
The judgment states that Lombard accepted service of the interrogatories, admitted possession of the $20,000, and approved the judgment. Above the signatures of each attorney on the judgment are the limiting words “Service Accepted, Judgment Approved as to Form.” Later that month Lombard answered the interrogatories as follows:
1. The Clerk of Criminal District Court for the Parish of Orleans has physical possession of Twenty Thousand and no/100 Dollars ($20,000.00).
2. The above sum was seized in connection with criminal proceedings entitled “State of Louisiana v. Timothy Terrell”, docket No. 300-623 “G” of the docket of Criminal District Court for the Parish of Orleans.
3. The Criminal District Court cannot determine- the legal owner of the above said property.
Terrell pled guilty on July 2, 1986 and pursuant to sentencing the trial judge ordered:
[T]he Property Clerk for the Orleans Parish Criminal District Court to release twenty-thousand ($20,000.00) Dollars in U.S. currency now in his possession, which represents a portion of the monies confiscated from the above-named defendant upon his arrest, to Liz Stogner, Administrative Assistant in the Judicial Administrator’s Office, for Liz Stogner to place this twenty-thousand ($20,-000.00) Dollars in the Criminal Court Fund.
In November, 1986 Wagner moved for a second garnishment judgment alleging Lombard had answered the interrogatories, consented to a judgment, but failed to turn over the funds.
*1143 On February 12, 1987 the Civil District Court rendered another judgment:
IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment herein for Wagner Wholesale Marine, Inc., plaintiff herein and against Edwin A. Lombard, Clerk of Court, Criminal District Court, Parish of Orleans, garnishee, in the amount of the unpaid Judgment with interest, attorney’s fees in the amount of THREE HUNDRED AND 00/100 ($300.00) DOLLARS and all costs of these proceedings.
Lombard filed a motion for a new trial which was denied on March 10, 1987.
Lombard appeals arguing that La.R.S. 32:1550,[1] relative to seizure and forfeiture, and La.R.S. 15:41,[2] relative to disposition of seized property, preclude jurisdiction over the funds by the Civil District Court.
We find there is insufficient proof to support either judgment. La.C.C.P. Art. 2415 provides that a third person may be ordered to deliver property when the garnishee admits property belongs to the judgment debtor or when such is found after trial on a contradictory motion. Lombard’s answers to the interrogatories specifically state that ownership of the funds was unknown. Terrell’s ownership of the money was never admitted or judicially determined.
Wagner urges that Lombard cannot escape the finality of the 1985 consent judgment. However, Lombard’s limited approval was specifically as to the form, not its content. Importantly, R.S. 32:1550 *1144 A specifies that all property rights to contraband are forfeited; hence, as of Terrell’s 1984 arrest the money belonged to the State. Pursuant to R.S. 32:1550 D the money is not subject to sequestration or attachment, is in custody of the police department, and subject only to the orders of criminal district court.
Wagner also urges the criminal trial judge’s forfeiture order does not comply with La.R.S. 32:1550 and 15:41. We note Wagner did not comply with R.S. 15:41 by filing a contradictory motion in criminal district court to establish its claim.
Wagner moved for the 1987 judgment based solely on Lombard’s noncompliance with the 1985 judgment. However, C.C.P. Art. 2415 requires property to be in the possession of the garnishee. In 1987 Lombard was no longer the custodian as of the July 2, 1986 forfeiture order.
In addition, since the Criminal District Court had jurisdiction over the cash held by its Clerk, jurisdiction over it could not be conferred on the Civil District Court by consent of the parties. La. C.C.P. Art. 3.
The judgment is reversed. Plaintiff’s petition is dismissed at its costs.
REVERSED.

. La.R.S. 32:1550 provides in pertinent part:
A.The following are contraband and shall be subject to seizure and forfeiture, and all property rights in the following are forfeited:
* * * * * *
(3) All cash which is used, or intended for use, to facilitate the transportation, sale, receipt, possession, production, manufacture, compounding, dispensation, concealment, importing, or exporting of property described in Paragraphs (1) and (2) of this Subsection.
******
7(c) There shall be a rebuttable presumption that all moneys, coin, and currency seized incident to a valid arrest and found in close proximity to contraband controlled dangerous substances or contraband manufacturing or distributing paraphernalia or records of the illegal importation, manufacture, or distribution of controlled dangerous substances, are contraband as defined herein. The burden of proof shall be upon claimants of such property to rebut this presumption by clear and convincing evidence.
******
D. Property taken or detained under this Section shall not be subject to sequestration or attachment, but shall be deemed to be in custody of the law enforcement agency making the seizure, subject only to the orders and decrees of the court of record having jurisdiction thereof....
******

. La.R.S. 15:41 provides:
A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that is destruction is in the public interest: otherwise, Paragraph (2) of this Section shall apply.
(2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of noncontraband property does not claim it within two years after its seizure, the court shall order:
(a) A sale of the property at a nonjudicial public sale or auction, if the court concludes that such a sale will probably result in a bid greater than the costs of the sale. The proceeds of the sale shall be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system.
(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate.
C.Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.